## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **2:08-cr-248** |
| | ) | |
| **JIMMY LEE GADSON, JR,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION</u>

Before the Court is the Sentencing Memorandum filed by Defendant Jimmy Lee Gadson, Jr. (Doc. No. 67), and the government's sentencing memorandum (Doc. No. 66). The issue now raised by Defendant is straightforward: whether the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub.L. 111-220, 124 Stat. 2372 (2010) should be applied to his sentencing.

On June 25, 2008, a federal grand jury sitting in the Western District of Pennsylvania returned a two-count indictment which charged Defendant with possession with intent to distribute five (5) grams or more of a mixture and substance containing a detectable amount cocaine base, in the form more commonly known as crack, on or about April 23, 2007, and on or about May 10, 2007, at Counts I and II respectively, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). On August 11, 2010, Defendant appeared before this Court and pled guilty to Count I of the Indictment pursuant a plea agreement with the Government. As part of that agreement, Defendant stipulated to having possessed 20.47 grams of cocaine base (crack).

The Fair Sentencing Act, enacted on August 3, 2010, reduces penalties for crack cocaine offenses. Under the statutory amendment to 21 U.S.C. § 841(b)(1)(B)(iii) that is relevant to Defendant's crime, the amount of cocaine base possessed necessary to trigger a mandatory minimum term of imprisonment of not less than five years has been increased from 5 grams to 28

grams. The Fair Sentencing Act further directed the United States Sentencing Commission to review and amend the advisory sentencing guidelines to account for the reductions within ninety (90) days. On November 1, 2010, the relevant amendments to the guidelines became effective.

Defendant argues that because both the Fair Sentencing Act and the relevant amendments to the guidelines are now effective, coupled with the fact that he possessed less than 28 grams of crack cocaine, that he should no longer be subject to the statutory mandatory minimum sentence. In support of his position, Defendant references decisions from United States district courts from other circuits, particularly the decision of *United States v. Douglas*, Criminal No. 09-202, 2010 WL 4260221 (D.Me., Oct. 27, 2010)(which held that the Fair Sentencing Act applies retroactively to all defendants sentenced after the effective date of the Act). The *Douglas* decision has become an increasingly oft-cited basis in support of motions for relief seeking Fair Sentencing Act retroactivity. In justifying the application of the Fair Sentencing Act to current sentences despite the lack of express retroactivity language within the Act itself, the court in *Douglas* reasoned that the will of Congress with respect to retroactivity could be "manifested either expressly *or by necessary implication* in a subsequent enactment." *Douglas*, 2010 WL 4260221, at *5 (*quoting Great N. Ry. Co. v. United States*, 208 U.S. 452, 465 (1908) (emphasis added in *Douglas*)), attached as exhibit "A" at Doc. No. 67.

The government opposes the application of the Fair Sentencing Act to the sentencing of this Defendant. *See* Doc. No. 66. The government notes that Defendant pled guilty to criminal acts which occurred prior to the enactment of the Fair Sentencing Act, and that the Act contains no express statement that Congress intended it to have retroactive effect. *Id.* As such, the government avers that the general savings statute, 1 U.S.C. § 109, is applicable and mandates that courts apply the statutory penalties which were in effect at the time the crime was

committed[1].  *Id.*

This Court and a sister court in the Western District of Pennsylvania recently considered this very issue.  *See United States v. Burgess*, No. 2:09-cr-150-TFM (W.D.Pa.) at Doc. No. 56, filed Dec. 27, 2010, 2010 WL 5437265; *see also United States v. Crews*, No. 2:06-cr-418-JFC (W.D. Pa.)(Conti, J.) at Doc. No. 276, filed Dec. 22, 2010.  The Court notes the thorough and well reasoned opinion in *Crews*, where Judge Conti considered the *Douglas* decision in light of the ruling of the United States Court of Appeals for the Third Circuit in *United States v. Jacobs*, 919 F.2d 10 (3d Cir. 1990).  In declining to retroactively apply the Fair Sentencing Act, the *Crews* court highlighted the Third Circuit's clear holding in *Jacobs* that congressional intent cannot be considered when a repealing or amending statute does not expressly provide for retroactive effect.  *Id.* at Doc. No. 276; *see also*, *Jacobs*, 919 F.2d at 13 ("There is nothing in the saving statute that directs the courts to evaluate the significance Congress attached to a statutory amendment in determining whether the saving statute applies.")

In *Jacobs*, the Court of Appeals considered whether a defendant was "eligible for probation based on the offense classification in effect at the time she committed the offense or at the time she was sentenced." *Jacobs*, 919 F.2d at 11-12.  In that case, there had been an ameliorative statutory amendment to the offense classification after the defendant committed the offense that subsequently made her eligible for parole.  In reversing the district court's retroactive

---

[1]    The general savings statute, 1 U.S.C. § 109, provides:

The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

application of the amended statute, the Court of Appeals reasoned that "the saving statute [1 U.S.C. § 190] mandates that probation eligibility be determined according to the statutes in effect at the time of the commission of the offense." *Id.* at 12. The Court of Appeals further held:

> The plain language of the saving statute indicates that it prevents statutory amendments from affecting penalties retroactively, even if they do so indirectly. *See* 1 U.S.C. § 109 ("The repeal of any statute shall not have the *effect* to release or extinguish any penalty, forfeiture, or liability...." (emphasis added))

*Id.* Notwithstanding Defendant's well-noted position and the impressive effort and attention afforded to this issue by the *Douglas* court, this Court cannot justify departing from applicable Third Circuit precedent, the ruling of a fellow United States District Court Judge, nor its own previous ruling on this issue.

The Court further notes the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 *et seq.*, and its interplay with the Fair Sentencing Act of 2010. Under the Sentencing Reform Act, sentencing courts are instructed to follow the factors set forth in 18 U.S.C. § 3553(a) in imposing sentence. Such consideration includes, *inter alia*:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
> ...
>
> (4)      the kinds of sentence and the sentencing range established for--
>
> (A)      the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
>
> > (i)      issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
> >
> > (ii)      that, except as provided in section 3742(g), are in effect on the date

the defendant is sentenced; ...

18 U.S.C. § 3553(a). On one level, this would appear to create an inconsistency between a court's determination that the statutory amendments of the Fair Sentencing Act are not retroactive, and therefore would not be considered in determining a sentence, while the subsequent amendments to the sentencing guidelines brought about by the Fair Sentencing Act should be considered. The Court finds no such inconsistency. More particularly, the Court notes that 18 U.S.C. § 3553(a)(3) requires a court to consider "the kinds of sentences available". In this case, the kind of sentence available is that as defined by the applicable statute, 21 U.S.C. § 841(b)(1)(B)(iii), at the time the crime was committed. It is in combination with the kinds of sentences available for the underlying offense that the sentencing guidelines effective at the time of sentencing are considered. To the extent that the November 1, 2010 amendments to the sentencing guidelines relate to Defendant, same will be considered. However, the November 1, 2010 amendments of the sentencing guidelines do not supersede the applicable statutory language of 21 U.S.C. § 841(b)(1)(B)(iii), specifically a mandatory minimum sentence.

In sum, for the reasons hereinabove stated, the Court adopts and incorporates the December 20, 2010, Memorandum Opinion in the case of *United States v. Crews*, No. 2:06-cr-418, at Doc. No. 276, and its own Memorandum Opinion in the case of *United States v. Burgess*, No. 2:09-cr-150, at Doc. No. 56, and finds that the statutory provisions in effect on the date of Defendant's offense must be applied in determining an appropriate sentence. The sentencing hearing will proceed on **February 24, 2011 at 10:30 a.m.**, in accordance with this ruling.

So **ORDERED** this 8th day of February, 2011.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Amy L. Johnston, AUSA
Email: amy.johnston2@usdoj.gov

Patrick J. Thomassey, Esquire
Email: pthomassey@hotmail.com